SEIBERT CYLINDER OIL CUP Co. *v.* PHILLIPS LUBRICATOR Co.

(*Circuit Court, D. Massachusetts.*   February 23, 1882.)

1. PATENTS—ASSIGNMENT—TITLE—PARTIES.

Where an assignment is made the motive is not material.   The legal title passes to the assignee, who may maintain suit for infringement without joining the patentee.

In Equity.

*J. P. Treadwell,* for complainants.

*T. W. Clarke,* for defendants.

LOWELL, C. J.   The complainants are assignees of patent No. 138,-243, granted to John Gates for a very ingenious and useful lubricator for steam-engines.   The defendants contend that one Parshall made the same invention a few weeks or a few months before Gates, though he took a patent some six years later.   The evidence is not in a very satisfactory state, being a copy of that which was taken in a case of interference to which Gates was not a party.   I have read it carefully, and do not find that Parshall completed and reduced to practice the invention in question before Gates made it.   The idea was probably conceived by the two inventors nearly at the same time. Which was the earlier to conceive it I cannot say, but Gates fully tested and proved and adapted it to use while Parshall was trying to overcome a practical difficulty of construction which the particular form of his machine required him to overcome, and he did not succeed until years after Gates' machine had been in general use.

The assignment to the plaintiffs was made an assignment, rather than a license, in order that they might sue in their own names—so the contracts recite; but there is no legal objection to this : the motive is not material, and, the whole legal title being in the plaintiffs, they may maintain this suit without joining the patentees.

Decree for complainants.